John T. Casey, J.
In this article 78 proceeding the petitioners, as parents of a child who attends Mercy High School, a parochial school, 28 miles from the petitioners’ residence, seek •to annul a determination of the Commissioner of Education, which dismissed their appeal from an order of the Board of Education of Union Free School District No. 5, Sag Harbor, Towns of East Hampton and Southampton, Suffolk County, New York, refusing to provide school transportation for the petitioners ’ daughter.
*199 The petitioners contend that certain children residing in School District No. 5, who attend full day classes conducted by a Board of Co-operative Educational Services (hereinafter BOCES) at a site within a block of the daughter’s parochial school have transportation provided for them and that inasmuch as those students are receiving their entire secondary ■school education at BOCES facilities (academic instruction as well as vocational classes), these facilities should be considered equivalent to any other public or private school placing their daughter “ in similar circumstances ” under section 3635 of the Education Law and entitling her to have her .transportation provided and that the determination of the respondent to the contrary is arbitrary, capricious and discriminatory.
Section 3635 of the Education Law provides relevantly that transportation for a greater distance than 10 miles may be provided by the district and if provided, shall be offered equally to all children “ in like circumstances ” residing in the district. Under the provisions of this statute a school district must provide transportation for public and nonpublic pupils alike up to a distance of 10 miles and the Board of Education is expressly given the power to raise the hecessary funds to pay for such transportation. When the distance, as herein, exceeds 10 miles, payment of the costs, not being an ordinary contingent expense, requires the approval of the voters of the school district. In 1969 a proposition that would have authorized the requested transportation was submitted to the voters of the district and was rejected by a vote of 646 to 315, and 1970 was again rejected 596 to 284. Under this statute a child attending a parochial or private school is as much entitled to have transportation provided as a child attending a public school. BOCES are, however, separate and distinct from local boards of education. BOCES were created to provide special education services for a number of local districts which could not economically and effectively provide such services for themselves either because of the small number of students in that program from a particular district or because of the special facilities required to provide their special services. Recognizing that this program would be required to service more than one school district and the restrictions on transportation contained in section 3635 might defeat the purpose of the program the Legislature enacted section 1958 (subd. 4, par. q) giving BOCES the power and duty to provide transportation for pupils to and from classes maintained by BOCES and authorizing school districts to enter into contracts with BOCES to provide transportation and making the cost of transportation, regardless of distances or lack *200 of voter approval, an ordinary contingent expense for the local districts participating in the BOCES activities.
Since the petitioners’ daughter is admittedly not a member of the BOCES program she is not entitled to the special benefits thereof including transportation. Since she is not handicapped she is not entitled to the transportation provided handicapped pupils under subdivision 5 of section 4404 of the Education Law which bases transportation on the needs of the particular child.
The situation of the petitioners’ daughter places her squarely within section 3635 of the Education Law only. Therefore, transportation can only be provided her, where her school distance exceeds 10 miles, with voter approval, and authorization to so provide has been defeated by the voters in 1969 and again in 1970.
The determination of the respondent in dismissing her appeal, which in effect denied her transportation, is not purely arbitrary (Matter of Vetere v. Allen, 15 N Y 2d 259; Matter of Board of Educ. v. Allen, 14 A D 2d 429, affd. 12 N Y 2d 980; Matter of Board of Educ. v. Allen, 6 N Y 2d 127, 136) and the determination of the Board of Education, which held that the petitioners’ daughter was not “ in like circumstances ” with the pupils of the BOCES program or with the handicapped pupils, is not arbitrary or discriminatory. The different classification of pupils under sections 3635, 4404 (handicapped) and 1958 (BOCES) is reasonable. In her situation under section 3635 without voter approval the petitioners’ daughter cannot be transported. The petition is, therefore, dismissed.